(57 App. Div. 634.)

## In re CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department.   January 29, 1901.)

1. EMINENT DOMAIN—COMPENSATION—AMOUNT.

An award of damages in proceedings by a city to acquire water rights appurtenant to property of a riparian owner will not be vacated as erroneous in principle because the commissioners understood that their award was in settlement of past as well as future damages, when the record shows that nothing was claimed or allowed for past damages.

2. SAME.

An award of damages in proceedings by a city to acquire water rights appurtenant to property of a riparian owner will not be set aside as excessive on a computation based on the original cost of the property injured, and an estimate of depreciation from its use, when the amount awarded is within the evidence adduced.

Appeal from special term, Monroe county.

Application by the city of Rochester to acquire water rights appurtenant to the property of Anna B. Neal and others. From an order confirming the report of the commissioners awarding damages and denying a motion to vacate the award, the city appeals. Affirmed.

The following is the opinion of the court below (NASH, J.):

"Assuming—which is quite doubtful—that the affidavits of the commissioners may be read on the motion to vacate the award, and to determine whether or not the award was made upon an erroneous principle, to wit, that defendant's past damages entered into and made up in part the amount awarded to the defendant, I am of the opinion that the motion to vacate the award upon that ground must be denied.   The point made on behalf of the plaintiff is that 'the amount of the award was affected by the understanding of a majority of the commissioners that it effected a settlement of past damages.'   Their opinion as to whether or not the award did effect a settlement of past damages is immaterial.   The question is, did the consideration of the defendant's past damages enter into and affect the amount of the award?   The admission of Mr. Defendorf, one of the commissioners, as stated in the moving affidavit of Mr. Stull, is that 'the commissioners all understood that the award made by them was in settlement of the whole matter, and that Mr. Hubbell had especially guarantied that there would be no action for damages brought, and that the commissioners understood that in making the award the award was to settle everything.'   The affidavit Mr. Defendorf was requested to make is the same in substance.   It is not claimed that either Mr. Defendorf or Mr. Glass stated that any part of the amount of the award was in fact made up of the defendant's past damages, or that past damages of the defendant were considered in fixing the amount of the award.   Their affidavits and that of Mr. Hicks expressly state that past damages were not considered, and did not enter into the award.   There was no evidence given before the commissioners upon which to make up an award for past damages, and no claim was made by the defendant for past damages.   Besides, it appears affirmatively from the report of the commissioners that they did not intend to include past damages as part of the amount to be awarded to the defendant.   They exclude from their award the value of machinery rendered useless by the change from the manufacture of strawboard to boxboard, the depreciation in value of which would be a proper element in fixing the amount of past damages.   It is urged in opposition to the motion to confirm the report that the award of the commissioners is palpably excessive.   This is sought to be made to appear by a computation based upon certain of the evidence to the effect that the amount of the award is ninety-two per cent. of the original cost of the property, thereby allowing only eight per cent. depreciation for ten or eleven years' use of the

property. To this the defendant answers that the machinery was kept as good as new, and that the property had not depreciated in value. The defendant's witnesses place the value of the property at figures much greater than the original cost. Much weight is always given to the fact that the commissioners saw and heard the witnesses, and thereby had better means of considering the. evidence than is possible upon a review simply of the record, and that it cannot be known' how much their own view of the property entered into and influenced their judgment. The amount of the award is well within the evidence adduced on behalf of the defendant, and it can hardly be deemed safe to hold that it is palpably excessive upon a computation based upon the original cost of the property, and an estimate of depreciation from its use, for the reason that there are too many considerations entering into the problem as to which there is no data by which to arrive at a definite and certain result. The alleged errors in the reception and exclusion of evidence relating to the question of value, if the points of the plaintiff be well taken, are not such as warrant the setting aside of the award upon the ground that it is excessive. An order may be entered denying the motion of the plaintiff to set aside the award, and granting the defendant's motion to confirm the report of the commissioners."

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

P. M. French, for appellant.
Walter S. Hubbell, for respondent.

PER CURIAM. Order affirmed, with costs, on opinion of NASH, J., delivered at special term.

---

(58 App. Div. 534.)

MEYERS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

1. COMMISSIONERS OF NEW EAST RIVER BRIDGE — ADVERTISEMENT FOR BIDS— SPECIFICATIONS.
    Advertisements for bids by the commissioners of the New East River Bridge properly restricted bids for work to parties having the requisite plant and facilities in successful operation for at least a year on work of a similar character, and required that the steel should contain specified elements, which, in the judgment of the commissioners, were best suited for the work, since the act prescribing their duties does not require them to advertise for bids or let their contracts to. the lowest bidder.

2. SAME—PRESUMPTIONS.
    Restrictions, under the provisions of the labor law (Laws 1899, c. 567), on contracts of bidders in proposals for the construction of the New East River Bridge, called for by the commissioners before the act was declared unconstitutional, will be presumed to have been imposed by the commissioners pursuant to the statute, and because it compelled such imposition.

3. CONTRACTS FOR PUBLIC WORK—WASTE OF PUBLIC MONEY—INJUNCTION.
    The insertion in a contract for public work of a requirement which unduly increases the price operates as a waste of public money, for which injunction will lie in favor of a taxpayer aggrieved thereby.

4. TEMPORARY INJUNCTION—REFUSAL—DISCRETION OF COURT—EFFECT ON FINAL RELIEF.
    It is discretionary with the court, on an application for a temporary injunction, to decide on the strict equitable rights of the parties, and a refusal thereof does not necessarily· require that the relief shall be refused when the whole case is disclosed on the trial.

    Van Brunt, P. J., and Patterson, J., dissenting.